UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BRITTNEY GIPSON, | ) | 1:08-CV-01778 GSA HC |
| | ) | |
|       Petitioner, | ) | ORDER DISMISSING PETITION FOR WRIT |
| | ) | OF HABEAS CORPUS |
|    v. | ) | |
| | ) | ORDER DIRECTING CLERK OF COURT |
| | ) | TO ENTER JUDGMENT AND CLOSE CASE |
| GEORGE J. GIUBINO, Director, | ) | |
| | ) | |
|       Respondent. | ) | |

      Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has returned the consent/decline form indicating consent to the jurisdiction of the Magistrate Judge.

      Petitioner filed the instant petition for writ of habeas corpus in this Court on November 20, 2008. She challenges a condition of parole imposed on her which makes it illegal for her to consume alcohol.

**DISCUSSION**

A.  Procedural Grounds for Summary Dismissal

      Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

1  The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of
2  habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to
3  dismiss, or after an answer to the petition has been filed.  See Herbst v. Cook, 260 F.3d 1039 (9th
4  Cir.2001). A petition for habeas corpus should not be dismissed without leave to amend unless it
5  appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson,
6  440 F.2d 13, 14 (9th Cir. 1971).

B.  Failure to State a Cognizable Federal Claim

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "[s]he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of her confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.  Further, subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless she is "in custody in violation of the Constitution."

In this case, Petitioner argues that a special condition of parole has been placed on her which forbids her from consuming alcohol. Petitioner is not challenging the legality or duration of her confinement, but a condition of her confinement. In addition, Petitioner does not demonstrate a violation of her constitutional rights. Therefore, she is not entitled to habeas relief.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) The petition for writ of habeas corpus be DISMISSED for failure to state a claim cognizable under 28 U.S.C. § 2254; and

2) The Clerk of Court is DIRECTED to enter judgment and terminate the case.

   IT IS SO ORDERED.

   Dated:   **December 12, 2008**           **/s/ Gary S. Austin**
                                            UNITED STATES MAGISTRATE JUDGE